FRED W. BENNETT, Respondent, *v.* JOHN B. LEWIS, Trading under the Name and Style of JOHN D. LEWIS, Appellant.

First Department, May 1, 1925.

Sales — action by seller for breach of contract — contract required shipping instructions and government permit immediately — contract was made August 4, 1920, but shipping instructions accompanied by permit directing shipment to reach New York in time for loading on steamer leaving New York on August 25, 1920, were not given seller until August 17, 1920 — shipping instructions covered part only of contract — seller was unable to ship in time to reach New York before boat sailed and offered to substitute spot material of same quality, which offer was declined — on November 4, 1920, buyer repudiated liability — verdict for seller supported by evidence — second contract for sale of other goods not breached by seller by routing shipment over indirect route, where contract did not provide for route.

The verdict of the jury in an action by the seller to recover for the breach of a contract of sale is sustained by the evidence, where it appears that the contract required the buyer to furnish shipping instructions accompanied by government permit immediately; that the contract was made on August 4, 1920, but shipping instructions were not delivered until August 17, 1920; that said shipping instructions were for part only of the goods and directed shipment to reach New York in time to load on boat sailing from New York on August 25, 1920; that seller could not ship goods in time to reach New York for loading on boat and offered to substitute spot material of same quality, which offer was declined; and that on November 4, 1920, buyer, though he had furnished no other shipping instructions, repudiated liability under the contract.

The seller is released from liability, since the buyer never gave shipping instructions for the full amount of the order and the instructions that he did give were not

given immediately or within a time which would permit of a compliance with the conditions imposed by the buyer for delivery alongside a specified steamer before August 25, 1920.

A second contract for the sale of other goods to be shipped to Ticonderoga was not breached by the seller by routing the goods from Niagara Falls to Philadelphia and from Philadelphia to Ticonderoga, since no delay was caused thereby and the contract did not provide for the particular route over which the goods were to be shipped.

APPEAL by the defendant, John B. Lewis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of March, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 31st day of March, 1924, denying defendant's motion for a new trial made upon the minutes.

*John E. Roeser* [*Alfred R. Page* of counsel], for the appellant.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel; *Sewell T. Tyng* with him on the brief], for the respondent.

MARTIN, J.:

This action is brought to recover damages for defendant's breach of two contracts made with plaintiff.

The first cause of action relates to a contract by which plaintiff agreed to sell and defendant to buy 100 long tons of soda ash, Solvay brand, " Shipments: August 1920 from the works." Delivery was to be f. a. s. New York, N. Y. The contract also provided:

" Buyer shall give Seller written shipping instructions including G. O. C. Permit immediately * * *. Buyer's failure to accept or to pay for any shipment in accordance with the terms of the sale or to give Seller shipping instructions shall, at Seller's option, constitute a breach of the entire contract and an abandonment thereof by Buyer and entitle Seller to consider the contract terminated by Buyer and to recover damages as for a total breach thereof."

The contract was made on or about August 4, 1920, and required defendant to furnish shipping instructions " immediately," but none were furnished until August 17, 1920, when defendant forwarded to plaintiff G. O. C. permit and shipping instructions directing delivery of 75 tons of the total of 100 tons f. a. s. steamer *Rotterdam* sailing from New York on August 25, 1920. Plaintiff's position is that these instructions were improper and insufficient, because they were not furnished " immediately," because they covered only a portion of the goods sold, and because they required delivery to a steamer sailing on a stated date.

Plaintiff notified defendant that he could not guarantee the materials reaching New York in time to sail on the steamship

*Rotterdam.* When it was found that the material could not reach the steamer in time, plaintiff offered to furnish defendant spot material of same quality, but this offer was declined because the material could not be placed on board the steamer the following day.

Subsequently there was an exchange of communications between the parties, and in a letter dated September 14, 1920, defendant requested cancellation of the order on the ground that " this material was not shipped under the G. O. C. which I furnished you." Defendant's position seems to have been governed by the requirements and wishes of a customer; but plaintiff had not contracted to comply with such requirements and declined to cancel the contract. On November 4, 1920, defendant, though he had furnished no other shipping instructions than those contained in his letter of August 17, 1920, repudiated liability under the contract.

Defendant never gave instructions for delivery as to all of the goods, and so far as any directions for delivery were furnished, they could not be complied with because of defendant's failure to order shipment " immediately " or within a time which would permit of compliance with the condition imposed by defendant for delivery f. a. s. *Rotterdam* August twenty-fifth.

The jury found for the plaintiff, and we see no reason for disturbing the verdict.

The second cause of action relates to a contract dated September 16, 1920, by which the plaintiff agreed to sell and defendant to buy one carload of bleaching powder, " Shipments October 1920 from the works." Defendant several times changed the shipping instructions, and on October 13, 1920, instructed plaintiff to make shipment: " Via D. & H. Ticonderoga Village RR. To order of John D. Lewis, Ticonderoga, New York. Notify The Ticonderoga Pulp & Paper Co., Ticonderoga, New York."

Plaintiff proved shipment from Philadelphia to Ticonderoga, N. Y. The merchandise had been shipped from the works of the manufacturers at Niagara Falls during October, 1920; and defendant's position seems to be that it had a right to reject the goods, though they complied with the contract in all respects including the terms as to shipment, because they were goods which were first shipped from the works of the manufacturers to Philadelphia, where they were transferred to another car and consigned for delivery as called for by defendant under the contract. The contract did not call for direct routing to Ticonderoga. The question of routing seems to be immaterial inasmuch as it did not prevent prompt delivery. The merchandise was properly delivered, although it went by an indirect route.

Defendant took no exception to the charge of the court and did

not request the charge based upon a ruling that the delivery was not good under the contract.

The judgment and order should be affirmed, with costs.

Clarke, P. J., Merrell, Finch and Burr, JJ., concur.

Judgment and order affirmed, with costs.